** NOT PRINTED FOR PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

LUNAREYE, INC.,                          §
                                         §
        *Plaintiff*,                     §
                                         §        CIVIL ACTION No. 9-13-CV-91
v.                                       §
                                         §        JUDGE RON CLARK
GORDON HOWARD ASSOCIATES, INC.,          §
                                         §
        *Defendant*.                     §

## <u>AMENDED PROTECTIVE ORDER</u>

1.      This Protective Order governs the designation, disclosure and use of confidential and highly confidential information in the above-identified action.   This Protective Order shall govern until modified or superseded by a further order of this Court.

2.      In this Protective Order the terms "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" shall mean information so designated in compliance with this Protective Order. Information so designated may be all or part of a document or thing, testimony, interrogatory, answer, admission or other form of evidence or discovery.

3.      (a) Any person, including non-parties, producing information in this action ("Producing Party") may designate as "CONFIDENTIAL INFORMATION" any information, thing, testimony, answers, documents, or other discovery materials of a confidential, sensitive nature (a) which the Producing Party reasonably and in good faith believes is in fact confidential, internal information, (b) which has not been disclosed to, or is otherwise not reasonably available

to the public or industry, and (c) includes but is not limited to information that concerns or relates to business processes, operations, style of work, or to sales, shipments, purchases or transfers of any product, external non-public communications, and external training materials.

(b) Any Producing Party may designate as "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" any information, testimony, answers, documents, or other discovery materials of a confidential, proprietary and/or trade secret nature which is of a particularly sensitive nature of the type that could be readily exploited for commercial advantage by a competitor including, without limitation, proprietary trade secrets or competitively sensitive data; customer lists; customer information; business, product or marketing plans; cost data; pricing information; internal training materials; market studies or forecasts; nonpublic financial data; nonpublic patent applications and related communications; agreements with third parties; information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"); information concerning development activities for products; technical information for products; and research or development or other activities or other information concerning or relating to current or future products.

4.     Any Producing Party providing source code in this action may specially designate such source code (whether in electronic or hard copy form) as a subcategory of HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY worthy of heightened protection. Such information shall be marked HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA (hereinafter "RESTRICTED SOURCE CODE MEDIA").   In designating RESTRICTED SOURCE CODE MEDIA, the Producing Party will make such designation only as to that information that is regularly treated as, and in good faith believes contains, RESTRICTED SOURCE CODE MEDIA, as defined herein and consistent with Federal

2

Rule of Civil Procedure 26(c)(1)(G). RESTRICTED SOURCE CODE MEDIA shall be subject to all of the provisions of this Protective Order regarding HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY and shall also be subject to the following additional procedures and restrictions:

(a)      A Producing Party shall make searchable versions of source code for the accused products available only on stand-alone, non-networked computers without Internet access ("the Source Code Computer") at secure locations of the offices of the Producing Party's counsel or any other location mutually agreed to between the Producing Party and the requesting party.   To the extent it already exists, the Producing Party shall also provide an index or cross-index of all portions of the code (by file name(s)). Access to the code shall only be provided to persons authorized to receive HIGHLY CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY (as defined in paragraphs 10 and 11).   The Producing Party shall make the source code available for inspection on weekdays between 8:00 a.m. and 6:00 p.m. local time.   Upon receipt of a request to inspect its source code, the Producing Party must make the source code available for inspection within 72 hours of the request, absent exigent circumstances or otherwise agreed to by the Producing Party and requesting party.   The Producing Party may agree to allow access to such secure locations on Saturdays and Sundays (8:00 a.m. to 6:00 p.m. local time).   The Requesting Party is expected and agrees to make reasonable efforts to restrict its access to normal business hours except where necessary to accommodate the work schedules of its source code reviewers.   At no time shall persons authorized to receive HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY under Paragraphs 9(c) and 9(i) be allowed to receive, access, or view machine-readable RESTRICTED SOURCE CODE MEDIA under this subparagraph unless such persons have executed an undertaking in the form of Appendix A and

3

the requesting party (hereinafter also referred to as the "Receiving Party") first makes a request to review the RESTRICTED SOURCE CODE MEDIA least 48 hours in advance, wherein said request includes providing, to the Producing Party, an executed undertaking in the form of Appendix A for each person under Paragraphs 9(c) and 9(i) which the Receiving Party intends to allow to receive, access, or view machine-readable RESTRICTED SOURCE CODE MEDIA. The requesting party shall restrict its requests for access to normal business hours, unless otherwise agreed to between the parties.   The parties will produce code in computer searchable format. Furthermore, each Source Code Computer shall have a copy of software sufficient to allow review and searching of the code.   The costs associated with software for reviewing the Source Code shall be paid for by the party requesting such software.   Under no circumstances shall the source code be compiled into executable code by the requesting party.

(b)      No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Based upon the requesting party's review of the code on the Source Code Computer, the requesting party may select and print portions of the source code that it believes are reasonably necessary to evaluate infringement and prepare court filings or pleadings or other papers (including a testifying expert's expert report or for use as deposition exhibits). Only those portions of the source code that are relevant to the elements of claim 3 of United States Patent No. 6,484,035 should be selected and printed and need be produced.   In addition, the requesting party shall be limited to printing no more than 50 consecutive pages, and no more than 300 total pages of source code.   However, good faith requests for the printing of additional pages beyond these limits shall not be unreasonably denied. The requesting party shall not print RESTRICTED SOURCE CODE MEDIA material in order to review blocks of source code elsewhere in the first instance, e.g. as an alternative to reviewing that

source code electronically on the stand-alone computer, as the parties hereto acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere.   If the Producing Party believes that the requesting party has selected and/or printed irrelevant or objectionable portions of the code, the Producing Party shall produce all non-objectionable portions of the code as set forth herein, and provide a written objection regarding any other portions selected/printed within seven (7) days. If an agreement regarding production of such objectionable portions of code cannot be reached within seven (7) days, the Producing Party shall file a motion seeking to prevent production of such information. Otherwise, upon selecting and/or printing any such portions of source code, the printed pages shall be collected by the Producing Party.   The Producing Party shall maintain a Source Code Access Log identifying, for each and every time any Source Code is viewed, or accessed at the secure location: (1) the name and address of each person who accessed the Source Code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard copies of any portion of Source Code were printed.   The Producing Party shall Bates number, copy and label "CONTAINS HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" any pages printed by the Receiving Party and deliver them to the Receiving Party. Access to such paper copies shall only be provided to persons authorized to receive HIGHLY CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY (as defined in paragraphs 10 and 11).   The party receiving paper copies of such code must keep that code in a locked safe or locked storage cabinet ("Secured Container") when not actually in use.   Paper copies of code may not themselves be copied and may not be removed from a Secured Container unless in a secured, private area, and only then by persons authorized to receive HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY.   Attorneys, however, may make copies of the

paper copies for use as exhibits in court proceedings and at depositions.   The Receiving Party shall maintain a log of all files that are photocopied.   These additional copies will be treated the same as the original print outs.   The Code Reviewers (defined in Paragraph 4(e)) may have in their offices a paper copy of those portions of the code on which they are working, provided that the Code Reviewers' offices are secure and private and that whenever the Code Reviewers are not working on the code they must return the paper copy they were working on immediately to the Secured Container. Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.

(c)    The Producing Party shall not electronically monitor review of code by the Receiving Party (by any means, including video, audio, software programs that capture search terms of keyboard entries, etc.); however, the Producing Party may visually monitor the activities of the Receiving Party to ensure that no unauthorized activity is occurring.

(d)    The Code Reviewers (defined in Paragraph 4(e)) may use their searching tools for inspecting the code; however, the Receiving Party must provide to the Producing Party, at least 48 hours prior to inspection of the source code, the CD(s), DVD(s), or other electronic media on which the searching tools are contained.   Code Reviewers may create a back-up copy of the code on the Source Code Computer.   The Code Reviewers may use their searching tools to annotate, number the lines of, and Bates label the pages of the back-up copy of the code. The back-up copy will remain on the Source Code Computer and be subject to all of the provisions of this Order that govern RESTRICTED SOURCE CODE MEDIA. Under no circumstances shall the Code Reviewers make any annotations or other changes to the original copy of the source code.   In addition, Code Reviewers shall not bring with them into the secure review room any sound

6

recorders, computers, peripheral equipment, external storage devices or media, telephones, cameras, drives of any kind, or other means by which the RESTRICTED SOURCE CODE MEDIA material may be copied.

(e)      "Code Reviewers" are technical advisors (and members of his or her professional staff) retained by the requesting party to review source code in compliance with Paragraph 11 and counsel as set forth in Paragraphs 9 and 10. Code Reviewers shall not include persons allowed to view HIGHLY CONFIDENTIAL INFORMATION –ATTORNEYS' EYES ONLY information under paragraph 9(i).

(f)      Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.   Counsel shall be permitted to show copies of source code to witnesses presented by the Producing Party, but Counsel shall not mark the code as an exhibit and shall instead reference it by Bates number.

(g)      Nothing in this Order shall restrict third-parties from reaching agreements with parties regarding the handling and distribution of the third-parties' RESTRICTED SOURCE CODE MEDIA that differ from the terms provided herein.

5.      A Producing Party may designate material as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA at the time it produces the material or within thirty (30) days thereafter. In the case of deposition testimony, the testimony or any portion thereof may be designated as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA at the deposition or within thirty

(30) days after receipt of the deposition transcript.

6.      CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION –
ATTORNEYS' EYES ONLY shall be designated during discovery by the following procedure:

(a)      When a document to be produced for inspection contains CONFIDENTIAL
INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES
ONLY the Producing Party shall so notify the inspecting party.   A document produced for
inspection for which such notice has been given shall be inspected only by persons authorized to
receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION –
ATTORNEYS' EYES ONLY, as the case may be.

(b)      When an inspecting party requests a copy of a document, the Producing Party shall
designate the copy as containing CONFIDENTIAL INFORMATION or HIGHLY
CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY by marking, according to
the provisions of paragraph 7, each page of the copy that is or contains such information.   If the
first page of a multi-page document is designated, it shall be presumed that the entire document is
subject to the designated level of confidentiality.

(c)      When deposition testimony is or contains CONFIDENTIAL INFORMATION,
HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY
CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA any attorney of record present may
designate that testimony as containing CONFIDENTIAL INFORMATION, HIGHLY
CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY
CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA by notifying others present on the
record of the deposition.   The deposition reporter shall then so mark each page of the transcript
that reports designated testimony.   Alternatively, any party may, until and including thirty (30)

8

days after receipt of a copy of said deposition transcript, designate by page and line or exhibit description those portions of the transcript or exhibits which contain CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA.   All transcripts and exhibits from depositions taken in this action shall be deemed to contain HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY until and including thirty (30) days after receipt of a copy of said deposition transcript by all counsel of record for the parties. The parties may also designate the entire deposition testimony of a witness as containing CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA. If no such designation is made either on the record at the time the deposition is taken or within the time period specified above, the transcript and exhibits shall be deemed to contain CONFIDENTIAL INFORMATION.

(d)     When responses to interrogatories or requests to admit contain CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA, the responding party shall mark the cover page and each succeeding page of its response that contains CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA pursuant to paragraph 7.

(e)     Any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA documents produced prior to the entry of this Protective

Order which were not so marked or were erroneously marked shall be marked in accordance with this Protective Order within ten (10) days following entry of this Protective Order.

7.    CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA shall be marked pursuant to paragraph 5 of this Protective Order by the placement of an appropriate stamp, sticker or other indicia of substantially the following form:

**CONFIDENTIAL INFORMATION,**
**HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY,**
**or**
**HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA**

8.    Any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA, or any document incorporating such information, that is filed or lodged with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order.

The Clerk shall maintain such information or document under seal subject to further order of the Court.

9.    CONFIDENTIAL INFORMATION may be disclosed only to persons in the following categories who have the actual need to review CONFIDENTIAL INFORMATION:

(a)    Outside attorneys who have entered an appearance for a party in this action.

(b)      No more than three (3) employees, representatives or consultants of a party to this action, provided that, before any CONFIDENTIAL INFORMATION is disclosed to any such individual, counsel desiring to disclose CONFIDENTIAL INFORMATION to such individual shall first obtain a signed undertaking in the form of Appendix A hereto from each individual and forward a copy to counsel for the designating party and other counsel of record.

(c)      any non-attorney support staff who is employed by a law firm and is working directly for an attorney authorized to review CONFIDENTIAL INFORMATION pursuant to sub-paragraph 9(a) above;

(d)      any non-attorney support staff who is employed as a regular employee by an in-house legal department and is working directly for an attorney authorized to review CONFIDENTIAL INFORMATION pursuant to sub-paragraph 9(b) above;

(e)      independent (outside) expert(s) or consultant(s) who has been qualified to have access to CONFIDENTIAL INFORMATION as provided in paragraph 11 of this Protective Order;

(f)      support staff working directly for independent (outside) expert(s) or consultant(s) qualified to have access to CONFIDENTIAL INFORMATION as provided in paragraph 11 of this Protective Order;

(g)      any personnel of the Court and court reporters/videographers retained to record and/or transcribe testimony in this action;

(h)      any representative of the party that produced the CONFIDENTIAL INFORMATION to the extent the representative has authority to access such information;

(i)      personnel of photocopy firms or graphics firms engaged by a party; and/or

(j)      a former employee or former consultant of the party that produced the

11

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION –
ATTORNEYS' EYES ONLY who authored, received or was shown the information during his or
her employment by the Producing Party.   This paragraph will not prevent the disclosure, during a
deposition, of a document containing CONFIDENTIAL INFORMATION, HIGHLY
CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY
CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA to a deponent who was an employee
of the Producing Party when the document containing the CONFIDENTIAL INFORMATION,
HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY
CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA was created. Such deponent may be
shown such document during the course of his or her deposition for the limited purpose of
determining whether that document was received by or shown to that deponent during his or her
employment by the party. If the former employee recognizes the document, he or she may be
subject to further examination regarding that document.

10.    HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY
not also marked RESTRICTED SOURCE CODE MEDIA may be shown to the persons identified
above in paragraph 9, except for those individuals identified in paragraph 9(b) or 9(d).
RESTRICTED SOURCE CODE MEDIA may be disclosed only in accordance with paragraph 4.

11.    Any party may qualify independent experts or independent consultants, for access
to CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION –
ATTORNEYS' EYES ONLY subject to paragraphs 9 and 10 above and for access to
RESTRICTED SOURCE CODE MEDIA subject to paragraph 4 above.   An expert or consultant
shall be qualified for access to such information as follows:

(a)    The party seeking to have an expert or consultant qualified for access shall provide

counsel of record for each party with a statement indicating whether the proposed access is to

CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION –

ATTORNEYS' EYES ONLY, or RESTRICTED SOURCE CODE MEDIA, a curriculum vitae

for that expert or consultant, and a copy of an acknowledgment form, shown as Appendix A to this

Protective Order, that has been completed and signed by that expert or consultant.   The

curriculum vitae shall identify any and all relationships that the expert or consultant has had within

the past four (4) years with any company, person or other entity that designs, utilizes,

manufactures, distributes or sells vehicle or vessel tracking, management or locator systems,

software, or products or anything related to the subject matter of the patents-in-suit.   However, if

the consultant is retained solely for financial expertise and the disclosure of previous engagements

would violate pre-existing confidentiality obligations to non-parties, that disclosure will not be

required.   Notwithstanding the foregoing, the consultant or expert shall disclose in his or her

curriculum vitae any relationship (personal, professional, or business) that the consultant or expert

has with any party, any officer or director of any party, any party employee, or any person or entity

associated with any party.

(b)      The other parties shall have seven (7) business days after receipt of the curriculum

vitae and acknowledgment form pursuant to subparagraph (a) above in which to deliver to the

party seeking to qualify the expert or consultant any written objection to the disclosure of

CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION –

ATTORNEYS' EYES ONLY, or RESTRICTED SOURCE CODE MEDIA to said expert or

consultant. If the party seeking to have its consultant qualified to review confidential documents

disagrees with the other party's objection, such party may make a specific written request for a

conference pursuant to local Rule CV-7(h).   If the issue is not resolved by such 7(h) conference,

the objecting party must move the court for an appropriate order within seven (7) business days of the date of the 7(h) conference. No CONFIDENTIAL INFORMATION HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or RESTRICTED SOURCE CODE MEDIA shall be disclosed to an expert or consultant, in the absence of written authorization by the party producing such information, until the expiration of the seven business-day period for the opposing party to make an objection, or if such objection is made, until the resolution of the objection, whether formally or informally.

(c)     When a corporation or other organization is engaged as an expert or consultant by a party or its counsel of record, the corporation or organization may become qualified to review CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA under this Protective Order only upon the qualification of each person within such organization or corporation who has access to the CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA.

12.     A party may disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY in a Court proceeding upon consent of the Producing Party or permission of the Court.   Nothing in this Protective Order is intended to limit the admissibility of any discovery produced by a Producing Party.

13.     (a)     The substance or content of any CONFIDENTIAL INFORMATION, as well as any notes, abstracts, copies, summaries and memoranda relating thereto shall not be disclosed to or accessible by anyone other than a person qualified to obtain CONFIDENTIAL INFORMATION pursuant to this Protective Order, and any such notes, abstracts, copies,

14

summaries and memoranda shall be treated as CONFIDENTIAL INFORMATION in all respects.

This provision shall not apply to the court or court personnel, including court reporters.

      (b)     The substance or content of any HIGHLY CONFIDENTIAL INFORMATION –

ATTORNEYS' EYES ONLY, as well as any notes, abstracts, copies, summaries and memoranda

relating thereto shall not be disclosed to or accessible by anyone other than a person qualified to

obtain HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY pursuant to

this Protective Order, and any such notes, abstracts, copies, summaries and memoranda shall be

treated as HIGHLY CONFIDENTIAL INFORMATION- ATTORNEYS' EYES ONLY in all

respects.   This provision shall not apply to the court or court personnel, including court reporters.

      (c)     Notwithstanding the restrictions of this paragraph, an attorney qualified to receive

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION

ATTORNEYS' EYES ONLY under this Protective Order shall not be precluded (except as set

forth in paragraphs 10 and 11 above) from rendering legal advice to or discussing with his or her

client the merits of any issue in this litigation, as long as the specific substance or content of

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION –

ATTORNEYS' EYES ONLY is not revealed to a person not qualified to receive such

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION –

ATTORNEYS' EYES ONLY under the terms of this Protective Order.

      14.     All CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL

INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL:

RESTRICTED SOURCE CODE MEDIA shall be used solely in preparation for trial and/or

appeal of the above-identified action.   These materials shall not be used or disclosed at any other

time or for any other purpose whatsoever.   Notwithstanding the above or the remainder of this

Protective Order, any party may use CONFIDENTIAL INFORMATION, HIGHLY

CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY

CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA as a basis for asserting claims or

defenses in the present lawsuit, provided that the CONFIDENTIAL INFORMATION, HIGHLY

CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY

CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA is not disclosed in a publicly

available pleading or otherwise disclosed to the public.   This provision shall not apply to the court

and court personnel, including court reporters.

15.     It shall be the duty and responsibility of counsel of record to ensure that documents

and things containing CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL

INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL:

RESTRICTED SOURCE CODE MEDIA subject to counsel's control shall at all times be kept in

a safe and secure fashion to ensure that such information is not disclosed to or made accessible to

persons other than those specifically authorized to review CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY under this

Protective Order. CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION – ATTORNEYS' EYES ONLY of the Producing Party shall not be kept on any

of the premises of the Receiving Party. Counsel of record shall be directly responsible to the court

for fulfilling these responsibilities.

16.     The inadvertent or unintended disclosure by a party of privileged,

CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION –

ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE

MEDIA, including but not limited to an inadvertent failure to designate as privileged,

16

CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION –
ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE
MEDIA within the time periods prescribed by this Protective Order, shall not be deemed a waiver
in whole or in part of a subsequent claim of privilege or protection under this Protective Order,
either as to the specific information disclosed or as to any other information, provided that the
inadvertent or unintended disclosure is promptly identified after discovery by the Producing Party
and notice of the claim of privilege or protection is given to the other parties.   A party receiving
notice of a changed designation or claim of privilege shall take reasonable steps to comply with
such designation, including the retrieval of documents that have been distributed in a manner
inconsistent with the new designation.

17.     A party shall not be obligated to challenge the propriety of any designation of
CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION –
ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE
MEDIA at the time of designation, and a failure to do so shall not preclude a subsequent challenge
to the designation.   If a party objects to any designation of such information the parties shall first
try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved
informally, the objecting party may seek appropriate relief from the Court. The burden of showing
entitlement to a designation of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL
INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL:
RESTRICTED SOURCE CODE MEDIA shall be on the Producing Party. Pending resolution of
an objection, the designated material shall be treated as CONFIDENTIAL INFORMATION,
HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY
CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA in accordance with the designation.

18.     Within forty-five (45) days after the termination of this action including all appeals thereof, the originals and all copies of any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA received by any party or its attorney or third-party as a result of this action shall be destroyed or given to the party that produced such information or to its attorney.   A copy of all court filings, discovery responses, and court and deposition transcripts (including exhibits) may be retained in the files of outside counsel for the parties, except to the extent that those materials contain or evidence RESTRICTED SOURCE CODE MEDIA. Copies of all court filings, discovery responses court and deposition transcripts (including exhibits) containing or evidencing RESTRICTED SOURCE CODE MEDIA shall be destroyed in accordance with the first sentence of this paragraph, even if they are in the possession, for example, of outside counsel for the requesting party. Similarly, correspondence, electronic drafts, written discovery responses, expert reports and attorney notes containing any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY may be retained by outside counsel, except to the extent that they contain information designated RESTRICTED SOURCE CODE MEDIA. Correspondence, electronic drafts, written discovery responses, expert reports and attorney notes containing or evidencing RESTRICTED SOURCE CODE MEDIA shall be destroyed in accordance with the first sentence of this paragraph, even if they are in the possession of, for example, outside counsel for the requesting party.   Any information retained shall be maintained pursuant to this Protective Order, and by retaining the information, outside counsel agrees to the continuing jurisdiction of the Court for purposes of enforcing this Protective Order.   Without limiting any of the foregoing obligations to destroy information, any party or third party receiving RESTRICTED SOURCE

CODE MEDIA from another party or a third-party under this Order shall destroy any and all materials or things containing or evidencing said RESTRICTED SOURCE CODE MEDIA within forty-five (45) days after the termination of this action. This provision shall not apply to the court.

19.     Parties shall provide a certification in writing to all other parties in this action that they have complied with the requirements of Paragraph 19 within sixty days of the termination of this action.

20.     Counsel of record for each party shall maintain the original signed acknowledgments provided in Paragraph 9(b).   Counsel of record responsible for retention of outside consultants or experts shall maintain the original signed acknowledgements provided in Paragraph 11.   Counsel of record for each party shall also make every reasonable effort to ensure that all persons or entities that have been provided CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY or RESTRICTED SOURCE CODE MEDIA provided under the provisions of this Order comply with the obligations of paragraph 18.   This includes, among other things, an obligation by counsel of record for each party to make every reasonable effort to ensure that consultants or experts retained by that party comply with paragraph 18 and that, among other things, any RESTRICTED SOURCE CODE MEDIA in the possession of those consultants or experts as a result of this action is destroyed upon the termination of this litigation.   Counsel may be held responsible should RESTRICTED SOURCE CODE MEDIA in the possession of experts or consultants retained by them or the party they represent as a result of this action not be destroyed in compliance with paragraph 18.

21.     Should any party, or person qualified to obtain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY hereunder, or their agents or representatives, receive any request for CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY produced in this action, whether through formal compulsory process or lawful authority of the court or otherwise, prior to responding thereto, such person or counsel shall promptly serve written notice of receipt of same on counsel for all parties hereto in order to allow said party or parties to move an appropriate court or tribunal for a ruling respecting the necessity of compliance therewith.   Absent an order from the appropriate court or tribunal on said motion, or agreement from the Producing Party, the person or party receiving the aforesaid request for information or compulsory process shall not produce in response thereto and shall thereafter do so only insofar as the court or tribunal so orders.

22.     If any designated material is disclosed to any person other than as authorized by this Protective Order, the party learning of the disclosure will immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party . The party learning of the disclosure will make every reasonable effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part, and will also make every reasonable effort to prevent further use and disclosure on the part of the unauthorized recipient of such information or material.

23.     If the discovery process calls for the production of information that a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a third party to maintain such information in confidence, the party requested to produce the information shall give written notice to the third party that its information is subject to discovery in this litigation, and shall provide the third party with a copy of this Protective Order. When such written notice is given to the third party, the party requested to produce the information will advise the requesting party that such notice has been given.   The third party shall have fifteen

(15) days from receipt of the written notice in which to seek relief from the Court, if the third party so desires.   If the fifteen (15) days elapse without the third party seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order.

24.     Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the court shall retain jurisdiction for enforcement of this Protective Order.

25.     A testifying expert's draft reports, notes, outlines, and any other writings leading up to his final report(s) in this case are exempt from discovery.   In addition, all communications with, and all materials generated by, a testifying expert with respect to his work on this case are exempt from discovery unless relied upon by the expert in forming his opinions.   The expert must produce his final report and all materials on which he relied.

26.     Nothing in this Order prevents a party from disclosing its own documents and using its information as it sees fit.   Parties may also agree among themselves in a signed writing to permit access to their own documents and information notwithstanding this Order.   Such agreements may be submitted to the Court for entry as an order.

27.     Third parties who are requested to produce documents or things or provide testimony in this action may avail themselves of the provisions of this Protective Order and designate documents, things or testimony containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY in accordance with the provisions of this Protective Order.

28.     Any party may apply to the Court for additional protection or disclosure beyond the terms of this Protective Order with respect to CONFIDENTIAL INFORMATION or HIGHLY

21

CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, as that party may consider appropriate, including such information that it may have relating to third parties to this action. Similarly, any party may apply to the Court for relief from the provisions of this Protective Order at any time.

29.    Nothing in this Protective Order shall be deemed to be, or construed as, an admission that any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY is relevant or otherwise admissible in evidence, and the parties expressly reserve all objections as to the admissibility of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY at trial.

30.    The restrictions and obligations set forth herein relating to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by a Receiving Party or (iii) has come or shall come into the Receiving Party's legitimate possession independently of the Producing Party. The party seeking to use information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY shall have the burden of proving that it is entitled to the use of such information. This Protective Order does not govern the use of any material at trial or in other public proceedings before the Court.

So **ORDERED** and **SIGNED** this **22** day of **March, 2014.**

_____
Ron Clark, United States District Judge

22

## APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| LUNAREYE, INC., | § | |
| | § | |
| Plaintiff, | § | Case No: 9:13-cv-00091-RC |
| | § | |
| v. | § | |
| | § | JURY DEMANDED |
| GORDON * HOWARD ASSOCIATES, | § | |
| INC., | § | |
| | § | |
| Defendant. | | |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

1.      My full name is:

2.      My address is:

3.      My present employer is:

4.      My job description is:

5.      My prior regular employment or past or present regular employments with any

party to the above referenced action are:

6.      I also serve as an employee, agent, officer or director of the following entities:

7.      I request access to the following types of information designated under the

protective order in this case (check all that apply):

____ CONFIDENTIAL INFORMATION

____ HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY

____ RESTRICTED SOURCE CODE MEDIA

8.      I have received a copy of the Protective Order entered in the above-referenced

23

action. I have carefully read and understand the provisions of the Protective Order.   I will comply with all of the provisions of the Protective Order.

9.      I will not disclose any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or RESTRICTED SOURCE CODE MEDIA to anyone not qualified for access to that information under the Protective Order.   I will use any such information only with respect to this action.

10.      I will return all CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, or RESTRICTED SOURCE CODE MEDIA that comes into my possession and all documents or things which I have prepared relating to such information, to an attorney representing the party that has employed or retained me.

11.      I submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order.

Dated: _____, _____